Eric D. Houser, #130079
HOUSER & ALLISON, APC
9970 Research Drive
Irvine, CA 92618
Telephone:     (949) 679-1111
Facsimile:      (949) 679-1112
Email:  ehouser@houser-law.com

Daniel M. Reilly, Esq. (*To be filed*)
Michael A. Rollin, Esq. (*To be filed*)
Jason M. Lynch, Esq. (*To be filed*)
REILLY POZNER & CONNELLY LLP
511 Sixteenth Street, Suite 700
Denver, CO 80202
Telephone:     (303) 893 6100
Facsimile:      (303) 893-6110
Email:  dreilly@litigationcolorado.com
Email:  mrollin@litigationcolorado.com
Email:  jlynch@litigationcolorado.com

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES LLC f/k/a AURORA LOAN SERVICES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>EZ FUNDING CORPORATION<br><br>Defendant. | CASE NO. CV 07-07476-GW (MANx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>***Note Changes Made By The Court*** |

        Plaintiff Aurora Loan Services LLC f/k/a/ Aurora Loan Services, Inc., on behalf of

Lehman Brothers Bank, FSB and Lehman Brothers Holding, Inc., and Defendant EZ Funding

Corporation (collectively, the "Parties" and individually the "Party") hereby stipulate and move

the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure

**STIPULATED PROTECTIVE ORDER**
2

concerning the treatment of "Confidential" or "Highly Confidential/Attorneys Eyes Only Information," as those terms are defined below.

## INTRODUCTION

The subject matter of this case is mortgage loans sold by Defendant to Plaintiff on the secondary mortgage market and Plaintiff's demands that Defendant repurchase the mortgage loans or otherwise indemnify Plaintiff.  As a consequence, the disclosure and discovery processes will involve the exchange among the Parties of information that the law recognizes should be protected from public dissemination; specifically, the nonpublic personal information of borrowers and the confidential and proprietary information of the Parties, such as nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information, and other information entitled to protection as trade secrets. The purpose of this Stipulation and proposed Protective Order ("Order") is to establish the procedures by which such information shall be defined, designated, exchanged, and otherwise protected from public disclosure.

## LEGAL STANDARD

A protective order is appropriate in this case to protect two categories of information likely to be exchanged between the Parties that the law recognizes warrants protection from public dissemination.  The first category is nonpublic personal information of borrowers of the mortgage loans at issue.  Under the Gramm-Leach-Bliley Act, every financial institution "has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a).  Consequently, courts recognize the need to fashion protective orders which will protect borrowers' nonpublic personal information. *See, e.g., Marks v. Global Mortgage Group,*

**STIPULATED PROTECTIVE ORDER**

*Inc.*, 218 F.R.D. 492, 497 (S.D. W. Va. 2003). The second category of protected information in this case consists of confidential and proprietary information of the Parties, which the Federal Rules of Civil Procedure explicitly recognize warrant protection. Fed. R. Civ. P. 26(c)(1)(G) (formerly Fed. R. Civ. P. 26(c)(7)); *see also Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325-26 (10th Cir. 1981) (recognizing appropriateness of a protective order to protect trade secrets). The Court may enter this proposed Order on a "generalized as opposed to a document-by-document basis." *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

## STIPULATION AND AGREEMENT

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the Parties, by and through their respective attorneys, hereby STIPULATE AND AGREE to the following ORDER:

1.      Any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party or third party to contain or constitute: (1) nonpublic personal information or (2) trade secrets and/or confidential or proprietary information of such Party or a third party, including but not limited to nonpublic pricing, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information of such Party or third parties, may be designated as "Confidential" or "Highly Confidential/Attorneys Eyes Only Information" (collectively, "Confidential Information"). As used herein, Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, and (d)

**STIPULATED PROTECTIVE ORDER**

expert reports.  Before designating any Confidential Information, the designating Party's counsel shall make a good faith determination that the information warrants protection.  The handling of such Confidential Information shall be made in accordance with the terms of this Order.

2.     The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as "Confidential" or "Highly Confidential/Attorneys Eyes Only."

3.     If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fifteen (15) days of such notice.  Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition and may also be designated as Confidential Information for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter.  Until the expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential Information until such time that the Party is required to make its confidentiality designations.

4.     Any Party (the "Requesting Party") may at any time request in writing that any Confidential Information be released from the requirements of this Order, and, unless otherwise agreed in writing, the Party producing such material ("Producing Party") shall meet and confer with the Requesting Party within ten (10) days of receipt of a request.  If an agreement cannot be reached by negotiation, the Requesting Party may file a motion seeking to de-designate the document.  In the event that such motion is made in accordance with the procedures herein and applicable rules of this Court, the Confidential Information shall be submitted to the Court under seal for the Court's review, and the terms of this Order shall continue to apply to such Confidential Information until the Court rules on the motion.  The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

**STIPULATED PROTECTIVE ORDER**

O:\MAN\ECF READY\AURORA.STIP.PO.DOC

5. All Confidential Information received from any Producing Party shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including without limitation any other litigation or any business, competitive, or governmental purpose or function. To that end, the Parties shall not distribute or disclose any Confidential Information received in this litigation to any third party (or any of the Parties' agents, consultants, officers, directors, employees, or representatives except on a need to know basis and pursuant to such agent, consultant, employee, officer, director, or representative's obligation to maintain the confidentiality of such document or information).  Furthermore, counsel shall make a reasonable and good faith effort to ensure that no documents or information disclosed in this litigation, including documents that are not designated as Confidential Information, are used for any prohibited purpose.

6. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential Information, shall not be disclosed except as set forth in paragraphs 7 and 8.

7. Confidential Information may only be disclosed to the following persons:

(a) Outside counsel of record for any Party to this action;

(b) Paralegal, stenographic, clerical and secretarial personnel employed by counsel listed in (a) (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

(c)  In-house counsel employed by a Party to this action (including their staff whose functions require access to such information), business persons employed by a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action whose functions require

**STIPULATED PROTECTIVE ORDER**

6

O:\MAN\ECF READY\AURORA.STIP.PO.DOC

that they have access to Confidential Information in connection with the prosecution or defense of this action;

(d)     ~~Court personnel including~~ Stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(e)     Non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

(f)     Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

(g)     Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

(h)     Any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate.~~; and~~

(i)     **<u>The Court and its personnel; and</u>**

(j)     Any person as ordered by the Court.

8.     Any Party to this Order may designate any information, document, or thing produced in connection with this litigation as "Highly Confidential/Attorneys Eyes Only Information."  Such designation shall apply only to materials and information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the Party or non-party holding the proprietary rights thereto, and materials and information that might reasonably pose a commercial disadvantage to the Producing Party.  Any

**STIPULATED PROTECTIVE ORDER**
7

information, document or thing designated as "Highly Confidential/Attorneys Eyes Only Information" may only be disclosed to:

(a) Outside counsel of record for any Party to this action and any paralegal, stenographic personnel, clerical personnel, photocopy service personnel, document management personnel (including coders and data-entry personnel), and secretarial personnel employed by outside counsel;

(b) ~~Court personnel including~~ Stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(c) A non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate;

(d) Independent experts or technical and/or business consultants or similar persons whose assistance may be required for preparation for and/or trial of this action and who are retained by a Party for the purpose of assisting with the prosecution or defense of this action, provided such persons are not employees, officers or agents of any Party to this action or employees, officers or agents of a competitor of any Party to this action**; and**

**(e)      The Court and its personnel.**

9.      Any person to whom Confidential Information is furnished, shown, or disclosed**, other than the Court and its personnel,** shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms, and shall certify that he or she has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A.  Counsel making disclosure to any person as described hereinabove shall retain the original executed copy of said certificate and provide said certificate to counsel for the Producing Party, upon good cause shown or agreement of the Parties.  Counsel shall further undertake a reasonable and good faith effort to ensure that any such persons cannot utilize any Confidential Information or other

**STIPULATED PROTECTIVE ORDER**
8

documents or information produced in this litigation except as permitted by paragraph 5 of this Order.

10.    The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.

11.    Notwithstanding the provisions of this Order, persons authorized to review Confidential Information under this Order may make generalized, non-specific disclosure of information derived from Confidential Information without revealing specific facts or figures of Confidential Information to senior executives of a Party as may be reasonably necessary in connection with the management, prosecution, and/or settlement of this litigation.  Such disclosure shall not include any detailed Confidential Information of the other Party and shall be as limited as possible for such executive(s) to make decisions with respect to this litigation.

12.    The provisions of this Order are without prejudice to the right of any Party to this Order to:

(a)    Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under California or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to California or federal law;

(b)    Seek to modify or obtain relief from any aspect of this Order; or

(c)    Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order.  This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

13.    Confidential Information may be referred to in interrogatories, interrogatory answers, motions, briefs, or other papers filed with the Court and may be used in depositions and oral

**STIPULATED PROTECTIVE ORDER**

9

arguments in this action, either as exhibits or as the basis for questions.  Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information ~~may~~ **to** be filed with the Court **shall be presented to the Court accompanied by an application that seeks to have such Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information filed under seal.** ~~only if the Confidential Information and pleadings, briefs, or other papers quoting or discussing Confidential Information have been filed under seal of the Court upon proper motion and order.~~  Any ~~motion~~ **application** requesting leave to file documents under seal shall comply with the requirements of F.R.Civ.P 7(b) and Local Rule 79-5.  Where possible, only the confidential portions of the documents filed with the Court shall be kept under seal.  All documents filed under seal shall be kept under seal until further order of the Court.  The Parties agree to cooperate to de-designate Confidential Information or redact Confidential Information from Court filings to the largest extent possible so as to minimize the necessity to file information under seal.  **This Stipulation For Protective Order and Order does not create an automatic entitlement to file under seal information and documents designated as confidential by the Parties.**

14.     If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present.  The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter.  If any document or information designated as Confidential or Attorneys Eyes Only Information pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.

15.     In the event of a hearing or trial in this matter at which any Party intends to present Confidential Information or materials designated hereunder to the Court or a jury, counsel for the Parties will meet and confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials

O:\MAN\ECF READY\AURORA.STIP.PO.DOC

during the proceeding. Counsel for the Parties shall confer on appropriate procedures for protecting the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall **take appropriate steps to have the Court incorporate in the pre-trial order such procedures to the extent, if any, the Court deems such procedures to be appropriate.**

16.    Within ninety (90) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the provisions of this Order, shall be tendered back to the Producing Party, or, at the direction of the Producing Party, destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored **by the receiving Party** in a manner so as to preserve its confidentiality.

17.    If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to such information and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.

18.    The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

/ / /

/ / /

/ / /

/ / /

**STIPULATED PROTECTIVE ORDER**
11

19.     All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.


The foregoing STIPULATED PROTECTIVE ORDER is hereby **ADOPTED** and **ENTERED** as an **ORDER** of the Court on this 16 day of April 2008.


_____/s/_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**STIPULATED PROTECTIVE ORDER**
12

O:\MAN\ECF READY\AURORA.STIP.PO.DOC

1   APPROVED:

2

3     s/Michael A. Rollin                              s/Gregory M. Lee

4   Daniel M. Reilly                              Jae S. Kim, Esq.
    Michael A. Rollin                            Gregory M. Lee, Esq.
5   Jason M. Lynch                               J.S. KIM & ASSOCIATES, INC.
    REILLY POZNER & CONNELLY LLP      12912 Brookhurst Street, Suite 460
6   511 16TH Street, Suite 700                   Garden Grove, CA  92840
    Denver, CO 80202                             E-mail:  lojsk@sbcglobal.net
7   Telephone:  (303)893-6100                    *ATTORNEYS FOR DEFENDANT*
    Facsimile:  (303) 893-6110
8   E-Mail:  dreilly@litigationcolorado.com
9            mrollin@litigationcolorado.com
             jlynch@litigationcolorado.com
10  *ATTORNEYS FOR PLAINTIFF*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**
13

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

      The undersigned has been provided with a copy of the Protective Order entered in the case captioned *Aurora Loan Services LLC f/k/a Aurora Loan Services, Inc. v. EZ Funding Corporation,  Civil Action No. CV- 07-07476-GW (MANx),* has had an opportunity to review the Protective Order, and is fully familiar with all of the terms of the Protective Order.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

_____

Print name: _____

Address: _____

          _____

          _____

Date signed:_____

**STIPULATED PROTECTIVE ORDER**
14

**<u>Certificate of Service</u>**

I hereby certify that on this 28th day of February, 2008, a true and correct copy of the foregoing STIPULATED PROTECTIVE ORDER was served via the ECF/E-file system upon the following:

Jae S. Kim, Esq.
Gregory M. Lee, Esq.
J.S. KIM & ASSOCIATES, INC.
12912 Brookhurst Street, Suite 460
Garden Grove, CA  92840
E-mail:  lojsk@sbcglobal.net

*s/       Shea N. Shaver*

**STIPULATED PROTECTIVE ORDER**
15

O:\MAN\ECF READY\AURORA.STIP.PO.DOC